UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN CHARLES, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL TRUST MANAGEMENT, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:21-cv-00379 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff JOHN CHARLES ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of GLOBAL TRUST MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a disabled consumer over-the-age of 18 residing in Bexar County, Texas, which is within the Western District of Texas.

5. Defendant is a third-party debt collector with over 40 years of experience.[1]  Defendant is a limited liability company organized under the laws of the state of Florida, with its principal place of business located at 4805 West Laurel Street, Suite 300, Tampa, Florida, 33607.  Defendant's registered agent is located at 211 East 7th Street, Suite 620, Austin, Texas 78701.  Defendant regularly collects upon consumers across the country, including those residing within the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a payday loan that Plaintiff purportedly defaulted upon ("subject debt").

8. In early 2021, Plaintiff began receiving calls to his cellular phone, (210) XXX-8755, from Defendant.

---

[1] http://www.gtmcorporation.com/about.html

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8755. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has used a variety of phone numbers when placing calls to Plaintiff's phone, including but not limited to (726) 800-7318 and (726) 800-7393.

11. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

12. Upon speaking with Defendant, Plaintiff has informed it of his inability to pay, as he is experiencing financial distress as a result of his physical disabilities.

13. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls.

14. Defendant's constant collection calls caused Plaintiff to demand that Defendant cease calling his cellular phone.

15. Plaintiff has even reiterated such requests during subsequent calls with Defendant, including on or about March 10, 2021, and March 24, 2021.

16. In spite of Plaintiff's multiple efforts, Defendant has still placed over a dozen phone calls to Plaintiff's cellular phone.

17. Moreover, during one phone call in which Plaintiff demanded that Defendant cease contacting him, Defendant's representative retorted that Defendant will continue to call Plaintiff in spite of his requests.

18. Furthermore, at the outset of the March 24, 2021 call between the parties, Plaintiff answered and asked if Defendant was a debt collector, however, Defendant's representative falsely

stated that she is not a debt collector, causing Plaintiff to question the legitimacy of the subject debt and Defendant's collection efforts.

19. Plaintiff was misled by Defendant's statements, representations and/or omissions directed to him during his conversations with its representatives.

20. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

21. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

23. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2012.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified of his distressful situation and to stop calling. Defendant called Plaintiff at least a dozen times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of the calls, in light of Plaintiff's multiple requests, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

31. Defendant's representative affirmatively stated that it would continue calling Plaintiff in spite of his demands, thereby underscoring Defendant's intent to harass Plaintiff.

32. Moreover, Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

---

[2] http://www.acainternational.org/search#memberdirectory

...

### b. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Defendant had knowledge of Plaintiff's physical and financial situation, Defendant continued to place systematic and automated collection calls to Plaintiff in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

36. Defendant further violated §§ 1692e, e(10), and e(11) during the March 24, 2021 phone call, when its representative deceptively and falsely informed Plaintiff that it was not a debt collector. Defendant's failure in this regard deprived Plaintiff of truthful, substantive information in a manner designed to obfuscate the nature of Defendant's role in connection with the subject debt.

### c. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after repeatedly being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JOHN CHARLES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendant is a "[t]hird-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

43. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

45. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least a dozen times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his multiple requests, Defendant persisted with its harassing campaign of phone calls in hopes of extracting payment.

46. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome. Plaintiff then reiterated his demands during a subsequent phone call, but Defendant disregarded these requests and has persisted with its harassing collection efforts.

47. Defendant's intent to harass is underscored by its representative's assurance that Defendant's phone calls would continue in spite of Plaintiff's demands. Defendant intended to harass Plaintiff into submission, which prompted Plaintiff to file the instant action.

### b. Violations of TDCA § 392.304

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

49. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone using an automated system absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

50. Defendant further violated the TDCA when its representative falsely informed Plaintiff that she was not a debt collector. Defendant's conduct deprived Plaintiff of truthful, substantive information in a manner designed to obfuscate the nature of Defendant's role in connection with the subject debt.

WHEREFORE, Plaintiff, JOHN CHARLES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 13th day of April, 2021.	Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, John Charles*